|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **CENTRAL DISTRICT OF CALIFORNIA** | |

VICKY ARONSON, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

GANNETT CO., INC., a Delaware corporation with its principal place of business in Virginia, LDC DISTRIBUTION, LLC, a California limited liability company, LOUIS COX, an individual, and DOES 1 to 100, inclusive

        Defendants.

Case No. 5:19-cv-00996-AG-JEM

**HONORABLE ANDREW J. GUILFORD**

**THE PARTIES' STIPULATED PROTECTIVE ORDER**

**1.  PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2.  DEFINITIONS**

2.1.  <u>Action:</u>  This pending federal lawsuit, *Aronson v. Gannett Co., Inc.*, Case No. 5:19-CV-0996-AG-JEM.

2.2.  <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement.

2.4. Counsel: Counsel of Record for the Parties (including support staff).

2.5. Designating Party: a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. Counsel of Record: attorneys who have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.10. Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11. Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, processing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. <u>Protected Material:</u> any Discovery Material that is designated as "CONFIDENTIAL."

2.14. <u>Receiving Party:</u> a Party or Non-Party that receives Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Order cover not only protected discovery material designated as "CONFIDENTIAL," but also (1) any information copied or extracted from such Protected Material; (2) all copies, excerpts, summaries, or compilations of such Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal such Protected Material.

## 4. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Over-Designation Prohibited**. The Designating Party must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Material may not be designated if it has been made public. If a Designating Party learns that information or items that it designated for protection do not or no longer qualify for protection, that Designating Party must promptly notify all parties that it is withdrawing the designation.

**5.2 Manner and Timing of Designations**. Designation under this Order requires the

Designating Party to affix the legend "CONFIDENTIAL to each page that contains protected material. To the extent documents are produced in native format, it shall be sufficient to include "CONFIDENTIAL" in the file or directory name, or affix the CONFIDENTIAL legend or to the media containing the discovery material (e.g., CDROM, floppy disk, DVD). For testimony given in deposition or other proceeding, the Designating Party shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding or within 30 days from the date of receipt of the deposition or proceeding transcript.

5.2.1 A Party or Non-Party that makes original documents or materials. available for inspection need not designate them for protection until after the inspecting Party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

5.2.2 Parties shall give advance notice if they expect a deposition or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing Protected Material shall have a legend on the title page noting the presence of Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The Designating Party shall inform the court reporter of these requirements. Prior to the expiration of the 30-day period for designation, the transcript shall be treated as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

**5.3 Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. A Producing Party may designate as "CONFIDENTIAL" any Discovery Material that has already been produced, including Discovery Material that the Producing Party failed to designate as "CONFIDENTIAL," (i) by notifying in

writing the Party to whom the production has been made that the Discovery Material constitutes Protected Material, or (ii) in a manner consistent with Section 5.2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Protected Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Protected Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material prior to its designation as "CONFIDENTIAL" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "CONFIDENTIAL" when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Section 7 of this Order. If the Receiving Party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, then the Receiving Party shall notify the Producing Party within fourteen days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things. The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designation, of Protected Material to unauthorized parties or individuals shall not be deemed a violation of this Stipulation. The Producing Party shall promptly provide substitute copies of produced material bearing the appropriate confidentiality designation in accordance with Section 5.2. Within 14 days of the receipt of substitute copies of the produced material, the Receiving Party shall return or destroy said originally produced material and not retain any copies thereof. If the Receiving Party disagrees with the redesignation of the produced material, it may challenge the redesignation pursuant to and in the manner prescribed in Section VI.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7. ACCESS TO DESIGNATED MATERIAL

**7.1 Basic Principles**. A Receiving Party may use Protected Material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14, FINAL DISPOSITION, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

    7.2.1 The Receiving Party's Counsel of Record in this action and employees of Counsel Of Record to whom disclosure is reasonably necessary;

    7.2.2 The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    7.2.3 Experts retained by the Receiving Party's outside Counsel of Record to whom

disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    7.2.4 The Court and its personnel;

    7.2.5 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    7.2.6 During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

    7.2.8 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

    7.2.9 Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**8.1 Subpoenas and Court Orders**. This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the Designating Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**8.2 Notification Requirement.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that Party must:

    8.2.1 Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

    8.2.2 Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

        8.2.3 Cooperate with all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

**8.3 Wait For Resolution of Protective Order**. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        9.2.1 Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        9.2.2 Promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        9.2.3 Make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production or disclosure of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material"), is not a waiver of any privilege or other protection from discovery in this Action or in any other federal or state proceeding. Regardless of the steps taken to prevent disclosure, if a Party produces information that it discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, and the Receiving Party may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged or protected materials.

Upon written notification from the Producing Party to the Receiving Party identifying disclosed Privileged Material, the Receiving Party shall not review or use the disclosed Privileged Material in any respect, shall within 14 days return, sequester, and delete or destroy all copies of the disclosed Privileged Material (including any and all work-product containing such Privileged

Material); shall take reasonable steps to retrieve such Privileged Material if the Receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appear in any respect to contain or constitute Privileged Material, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the Privileged Material to the Producing Party.

The Receiving Party may object to the Producing Party's designation of disclosed information as Privileged Material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed Privileged Material. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an in camera review of the disclosed Privileged Material. Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed Privileged Material in any respect.

This Order shall be interpreted to provide the maximum protection allowed by law. Nothing contained herein is intended to or shall serve to limit a Party's right to review, segregate, and withhold documents, ESI or information (including metadata) on the basis of relevance, responsiveness to discovery request, and/or privilege or other protection from disclosure.

## 12. FILING UNDER SEAL

Without written permission from the Designating Party or a Court order, a Party may not file in the public record in this action any Protected Material. A Party seeking to file under seal any Protected Material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a Party

other than the Designating Party will often be seeking to file Protected Material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Receiving Party's request to file Protected Material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the Designating Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**13.   MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Effective Upon Execution of the Parties</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each Party shall return all Protected Material to the Designating Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material. The Receiving Party must submit a written certification to the Designating Party by the 60- day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. This provision shall not prevent Counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

DATED: 2/3/2020

*/s/ John E. McDermott*

United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Vicky Aronson v. Gannett Co., Inc.*, et al., Case No. 5:19-CV-0996-AG-JEM. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]